Dear Ms. Batson and Mr. Spaht:
Pursuant to your request I have researched the following issue:
 Is the Teachers Insurance and Annuity Association (Hereinafter "TIAA") subject to the insurer's licensing tax imposed by East Baton Rouge Parish as authorized by La. R.S. 22:1076?
Part XXIII of the Louisiana Insurance Code regulates taxes and fees with Section 1076 of this part authorizing municipalities or parochial corporations to impose an insurance licensing tax.
 1076 A. Any municipal or parochial corporation in the state shall have the right to impose a license tax on any insurer engaged in the business of issuing any form of insurance policy or contract which may now or hereafter be subject to the payment of any license tax for state purposes . . . (Emphasis supplied)
R.S. 22:1061 is the statute that imposes the state license tax alluded to in section 1076. Section 1061 states:
 There is hereby levied an annual license tax for the year 1982, and for each subsequent year, on each domestic, foreign and alien insurer engaged in the business of issuing insurance policies, contracts, or obligations whether such insurer be operating in this state through an agent, other representing or otherwise.
Since R.S. 22:1061 is a tax statute it must be read stricti juris, and therefore only exemptions which are clearly intended to apply to this statute will be granted to insurers. The only exemption to the Section 1061 tax is found in 22:1061 (B) and it is granted to the State Employees Benefit Program, as authorized by R.S. 42:821 et seq. Since there is no exception to Section 1061 applicable to TIAA, the state licensing tax can be imposed upon it, thus allowing the Section 1076 East Baton Rouge tax to be applicable as well.
TIAA asserts that it is exempt from the Section 1061 tax obligation by virtue of an exception found in Part XXVII, R.S.22:1249(B)(6). Part XXVII of the Insurance Code deals solely with unauthorized insurers and the ramifications of being deemed as such. Within this Part, Section 1249 defines when an insurer is deemed to be unauthorized, by virtue of its actions within the State.
The exception which TIAA relies upon to exempt it from Section 1061 is contained within Section 1249 (B)(6). This section states that the Section 1249 definition of an unauthorized insurer shall not apply to certain insurers.
B. This section shall not apply to:
 (6) Any life insurance company or annuity company organized and operated without profit to any private shareholder or individual, exclusively for the purpose of aiding educational or scientific institutions organized and operated without profit to any private shareholder or individual by issuing insurance and annuity contracts direct from the home office of the company and without agents or representatives in this state only to or for the services of such institutions.
Assuming for the purposes of this opinion that Section 1249 (B)(6) is applicable to TIAA, this exception does not relieve the insurer from its tax obligation imposed by East Baton Rouge Parish pursuant to R.S. 22:1076. This exception serves the sole function of exempting the covered entity from being classified as an unauthorized insurer as defined by Section 1249 and thereby not falling subject to the remainder of the part. Section 1249 (B)(6) does not relate back to Part XXIII which regulates the taxes and fees of insurers, and consequently will not serve to exempt TIAA from a Section 1061 tax levied against them.
In summation, East Baton Rouge Parish has the authority to tax an insurer pursuant to Section 1076, if the insurer may be taxed under the state licensing tax found in Section 1061. Since Teachers Insurance and Annuity Association does not fall under an exemption found in R.S. 22:1061 and the R.S.22:1249(B)(6) exemption is limited to Part XXVII of the Insurance Code, the TIAA is subject to the Section 1076 licensing tax levied by East Baton Rouge Parish.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: STEPHEN M. WHITLOW Staff Attorney
SMW/cls